UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL FARMERS UNION ) | |
| PROPERTY & CASUALTY ) | |
| COMPANY, ) | |
|                Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-2453-EFM |
| ) | |
| MITCHELL RENGSTORF, et al., ) | |
| ) | |
|             Defendants. ) | |

**ORDER**

This is a declaratory-judgment action. The plaintiff, National Farmers Union Property & Casualty Company ("National Farmers Union"), seeks a declaration that a farm-liability insurance policy issued to Elaine Berger doesn't provide coverage to defendant Ivan Berger ("Berger") for an accident between a tractor operated by Berger and an automobile operated by defendant Mitchell Rengstorf in which defendant Whitney Milner was a passenger. The accident is the subject of two underlying personal-injury lawsuits in the District Court of Washington County, Kansas, one brought by Rengstorf against Berger, and the other brought by Milner against Berger and Rengstorf. Farm Bureau Property and Casualty Insurance Company ("Farm Bureau") has filed a motion to intervene in this action (ECF No. 12), asserting it issued a policy to Milner's father that provides uninsured motorist ("UM") and underinsured motorist ("UIM") coverage that may be applicable to Milner. National Farmers Union opposes the motion; none of the

1

defendants have filed a timely response. For the reasons discussed below, the motion is granted.

Rule 24 of the Federal Rules of Civil Procedure recognizes two types of intervention: intervention as a matter of right and permissive intervention. Farm Bureau seeks intervention via both pathways, and the court addresses each in turn.

Rule 24(a): Intervention of Right

Under Rule 24(a)(2), a court must permit anyone to intervene who, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[1] The Tenth Circuit has adopted a *liberal* view in favor of allowing intervention that focuses on the practical effects of the case on the movant.[2] Courts should exercise judgment based on the specific circumstances of the case.[3]

As an initial matter, the court finds—and National Farmers Union agrees—Farm Bureau's motion to intervene is timely.[4] Thus, the court proceeds to determine whether

---

[1] Fed. R. Civ. P. 24(a)(2); *see also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009).

[2] *WildEarth Guardians*, 573 F.3d at 995.

[3] *Id.*

[4] *See* ECF No. 13 at 4, n. 1. National Farmers Union filed this action on October 5, 2021 (ECF No. 1). The motion to intervene was filed January 31, 2022, at which time only one of the three defendants had answered the complaint. An initial order regarding

Farm Bureau has demonstrated (1) an interest relating to the property or transaction that is the subject of this action; (2) the potential impairment of that interest; and (3) inadequate representation by the existing parties.

The court addresses the first and second elements together because they're closely related. To satisfy these elements, the movant bears a "minimal" burden to show it has an interest that could be adversely affected by the litigation.[5] It is a highly fact-specific determination, aimed to be a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[6] As earlier indicated, "[t]he central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention."[7]

Farm Bureau argues the outcome of this declaratory-judgment action will affect the existence, nature, and extent of Farm Bureau's UM and/or UIM coverage applicable to Milner's claims. Specifically, Farm Bureau explains that under its policy and consistent with Kansas law, it has certain obligations regarding payment of Milner's damages attributable to Berger's tortious conduct, and those obligations vary depending on whether

---

planning and scheduling hasn't been entered yet, and thus a scheduling conference hasn't been conducted.

[5] *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 333 (D. Kan. 2020) (citing *Kane Cty. v. United States*, 928 F.3d 877, 891 (10th Cir. 2019) and *WildEarth Guardians*, 573 F.3d at 995).

[6] *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).

[7] *WildEarth Guardians*, 573 F.3d at 995 (quoting *San Juan Cty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (en banc)).

Berger is uninsured or is underinsured by National Farmers Union.  Farm Bureau argues its interests will be impaired or impeded absent intervention because the court's ruling may trigger Farm Bureau's obligations under its policy without allowing Farm Bureau to participate in the proceedings informing those rulings.  Farm Bureau further asserts that under Kansas law, if called upon to pay UIM benefits, Farm Bureau has a legal right to maintain a subrogation action against Berger, derived from the rights of Milner, and that the existence and value of this subrogation right will be affected by the judgment in this litigation.

National Farmers Union argues that the triggering of Farm Bureau's coverage obligations is an insufficient interest to support intervention insofar as it's contingent on Milner's success in her underlying personal-injury action and whether Berger, the putative liability insured, has any other coverage that may apply.  National Farmers Union further argues that because Farm Bureau is already a party to Milner's underlying action, it "may assert any arguments as to liability and damages there."[8]

As to the contingency of an interest, the Tenth Circuit has affirmed that not *every* contingent interest fails to satisfy Rule 24(a)(2).[9]  Rather, "[a]lthough the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of [] litigation."[10]  The court observes that

---

[8] ECF No. 13 at 6.

[9] *San Juan Cty., Utah*, 503 F.3d at 1202.

[10] *Id.* at 1203.

notwithstanding National Farmers Union's claim that it's "unknown" whether Berger has other coverage that may impact Farm Bureau's UM / UIM coverage, discovery in Milner's underlying action has revealed no such coverage.[11] And, of course, the liability and damages at issue in the underlying action are distinct from the coverage issue sought to be determined by National Farmers Union. The court agrees Farm Bureau has demonstrated an interest that may be impaired if the case proceeds without it.

The final element is whether existing parties adequately represent Farm Bureau's interest. The burden is minimal, and the possibility of divergent interests is enough to satisfy the element.[12] If the parties' interests are identical, the court may presume adequate representation, but the moving party need "only show the potential for inadequate representation."[13] National Farmers Union argues that because Milner and Rengstorf have brought personal-injury suits against Berger, they "will no doubt argue in this case that the National Farmers Union policy extends coverage to … Berger and that they are,

---

[11] Specifically, Farm Bureau has attached Berger's interrogatory answers in Milner's underlying action, wherein he identified only the subject National Farmers Union policy when asked to identify "any and all liability insurance policies that were in full force and effect on [the date of the accident] that may provide coverage for damages that may be attributed to [his] negligent acts." ECF No. 15-1 at 1–2. The court further notes Farm Bureau alleges, and National Farmers Union does not dispute, that Progressive Insurance insured the vehicle operated by Rengstorf, and that Milner's claims exceed the limits of the Progressive policy. *See* ECF No. 12 at 2.

[12] *Everest Indem. Ins. Co.*, 335 F.R.D. at 334.

[13] *Id.*

accordingly, entitled to collect under the National Farmers Union policy."[14] National Farmers Union also argues that "Berger himself will likely argue he is entitled to coverage under the National Farmers Union policy."[15] Farm Bureau claims defendants may have divergent interests, and refers to Milner's answer (ECF No. 8), which states as an affirmative defense that she should be dismissed from the case as an improper party. Farm Bureau suggests Milner may prefer to pursue a UM claim against Farm Bureau rather than her tort claim against Berger. The court observes Berger has not yet filed an answer or other responsive pleading, and it appears the deadline to do so has expired. Based on the foregoing, the court finds Farm Bureau has met its minimal burden to show the potential for inadequate representation. Accordingly, the court finds Farm Bureau has established the right to intervene under Rule 24(a)(2).

Rule 24(b): Permissive Intervention

Rule 24(b) permits the court, in its discretion, to allow intervention by someone "who has a claim or defense that shares with the main action a common question of law or fact."[16] The court concludes Farm Bureau meets the requirements for permissive

---

[14] ECF No. 13 at 7.

[15] *Id.*

[16] Fed. R. Civ. P. 24(b)(1)(B). *See also City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) ("While this standard is, aptly, 'permissive,' it is also 'a matter within the district court's discretion …'" (quoting *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993)); *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) ("Permissive intervention is a matter within the sound discretion of the district court." (quotations omitted)).

intervention—i.e., Farm Bureau contends its coverage as a UM / UIM carrier and exposure to Milner's damages will be determined by "the exact same exploration of the questions of fact and law that will necessarily be litigated in this case in order to determine the existence of insurance coverage of … Berger."[17]  Given the procedural posture of this case—i.e., in advance of all defendants having filed responsive pleadings and the entry an initial order regarding planning and scheduling—the court finds no undue delay or prejudice.  And given the state of the instant record, the court is unpersuaded that Farm Bureau's intervention would "simply duplicate arguments presented by the other defendants," or "inject unnecessary issues" as asserted by National Farmers Union.[18]  To the contrary, the court finds it more likely that Farm Bureau's input will contribute to the development of the legal issues in this case.

IT IS THEREFORE ORDERED that Farm Bureau's motion to intervene (ECF No. 12) is granted.  Farm Bureau shall file its intervenor answer (ECF No. 12-1) as a separate docket entry no later than February 28, 2022.

Dated February 24, 2022, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[17] ECF No. 15 at 6.

[18] ECF No. 13 at 8–9.